THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BABARE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>    v.<br><br>SIGUE CORPORATION,<br><br>                    Defendant. | CASE NO. C20-0894-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant Babare Corporation's motion to stay (Dkt. No. 19). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.      **BACKGROUND**

       In June, Plaintiff Daniel Babare filed a complaint alleging that Defendant Sigue Corporation used an automatic telephone dialing system ("ATDS") to send Mr. Babare six text messages without his written consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). (*See* Dkt. No. 1 at 5–7, 10.) Mr. Babare seeks a declaration that Sigue Corporation used an ATDS to send the messages, statutory damages of at least $500 for each violation, and a permanent injunction prohibiting Sigue Corporation from violating the

TCPA in the future. (*See id.* at 10.)

Sigue Corporation denies that it used an ATDS to send the messages, (*see* Dkt. No. 17 at 4–5, 7–8), and moves to stay this action until the United States Supreme Court decides *Facebook, Inc. v. Duguid*, No. 19-511, a case in which the Court will resolve a circuit split about what constitutes an ATDS under the TCPA, (*see generally* Dkt. No. 19). Sigue Corporation argues that staying the case will conserve judicial resources and spare the parties the expense of engaging in costly discovery and motions practice that could be mooted by the Supreme Court's decision. (*See* Dkt. No. 19 at 1, 16.) Specifically, Sigue Corporation argues that the device it used to send the text messages does not qualify as an ATDS under the narrower definition adopted by the Third, Seventh, and Eleventh Circuits, so if the Supreme Court were to adopt that definition, this case could be resolved by an early summary judgment motion. (*See* Dkt. Nos. 19 at 9, 23 at 10.)

Mr. Babare argues that the Court should not stay the case because "the same discovery and briefing will have to take place" regardless of how the Supreme Court rules, (Dkt. No. 21 at 11), Sigue Corporation's proposed stay is "indefinite," and "a prolonged stay could result in the irretrievable loss of critical evidence," (*id.* at 13–14). Alternatively, Mr. Babare argues that if the Court does grant a stay, the stay should be limited to whether Sigue Corporation used an ATDS to send the messages and discovery and briefing regarding class certification should proceed. (*See id.* at 16–17.)

## II.   DISCUSSION

The Court has inherent authority to manage its docket "in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). This includes the power to stay an action "pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When considering whether to stay an action, the Court must weigh "the possible damage which may result from the granting of a stay, the hardship or inequity

which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

The Court concludes that the *CMAX* factors weigh in favor of a stay. First, a stay will promote the orderly course of justice because it will allow the Supreme Court to settle a question of law that is central to this litigation. The text messages Sigue Corporation sent to Mr. Babare are covered by the TCPA only if Sigue Corporation sent them using an ATDS. *See* 47 U.S.C. § 227(b). Thus, whether Sigue Corporation used an ATDS to send the messages is one of the key issues to be decided in this case. The parties appear to disagree about the proper definition of an ATDS, (*see* Dkt. Nos. 19 at 10–12, 21 at 6, 9–10), and it makes little sense for the parties to spend more time and effort briefing that issue (and for the Court to spend time and effort resolving it) when the Supreme Court is likely to provide a conclusive answer in a few months. Thus, entering a stay will promote the orderly course of justice by allowing the Supreme Court to resolve a question of law that is central to this case.

Next, Mr. Babare is likely to suffer little, if any, harm from a stay. Mr. Babare does not allege that the text messages have continued or that he is suffering any ongoing harm, and a delay in collecting potential damages is not a particularly severe hardship. *See CMAX*, 300 F.2d at 268–69. Indeed, in that regard, Mr. Babare is likely to suffer even less harm than the plaintiff in *CMAX*. In *CMAX*, the plaintiff sought to recover nearly $13,000 it was allegedly owed for services rendered. *See* 300 F.2d at 266. Here, by contrast, Mr. Babare seeks to recover only statutory damages. (*See* Dkt. 1 at 10.) Therefore, delaying resolution of the lawsuit, standing alone, will not significantly harm Mr. Babare.

Mr. Babare next argues that a stay could result in "the irretrievable loss of critical evidence" because "[m]emories fade with the passage of time, documents and data can be lost," and "Defendant has offered no guarantees that" it has preserved evidence. (*See* Dkt. No. 21 at 14–15.) But, contrary to Mr. Babare's argument, Sigue Corporation *has* confirmed that it has

implemented a litigation hold, (*see* Dkt. No. 19 at 15), and Mr. Babare can address any alleged spoliation by resorting to the ordinary remedies that are available to any litigant, *see, e.g., Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("[A] trial court also has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation [of evidence].").

Finally, Mr. Babare argues that the Court should deny the stay because it is "indefinite." (*See* Dkt. No. 21 at 13). This argument is not well taken. *Duguid* is scheduled for oral argument on December 8, 2020, and absent unusual circumstances the Supreme Court generally decides the cases it schedules for argument by the end of its term (in June or July).

While a stay is likely to impose minimal costs on Mr. Babare, proceeding is likely to impose significant costs on Sigue Corporation. It is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens. *See, e.g., Am. Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010) (observing that class action plaintiffs sometimes "us[e] discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit"). Mr. Babare argues that "the same discovery and briefing will have to take place" regardless of how the Supreme Court rules, (Dkt. No. 21 at 11), but that is not necessarily true. If the Supreme Court adopts the narrower definition of ATDS and Sigue Corporation is correct that it did not use an ATDS under the narrower definition, Sigue Corporation could choose to bring an early summary judgment motion thereby avoiding the need to "expend resources on extensive discovery or class certification briefing." (Dkt. No. 23 at 10); *see also Cowen v. Bank United of Tex., FSB*, 70 F.3d 937, 941 (7th Cir. 1995) ("Class actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action."). The hardship Sigue Corporation would endure by proceeding is not just the need to defend the case; it is the burden of engaging in costly discovery and motions practice that could be unnecessary if the Supreme Court adopts the narrower definition of ATDS. *Cf. Morgan Hill Concerned Parents*

*Ass'n v. Cal. Dep't of Educ.*, 781 F. App'x 666, 667 (9th Cir. 2019) (holding stay was justified because proceeding would expose the defendant to "extensive and likely redundant discovery demands"). Thus, Mr. Babare's suggestion that the parties proceed with discovery and briefing related to class certification until *Duguid* is decided does little to remedy the problem. That discovery and briefing is the very burden Sigue Corporation seeks to avoid.

In addition to the burdens on the parties, it is not an efficient use of the Court's time and effort to police discovery and address a class certification motion that could turn out to be unnecessary.

In sum, the balance of the hardships tilts strongly in favor of a stay here. If the Court were to enter a stay and the Supreme Court were to affirm the Ninth Circuit's opinion in *Duguid*, Mr. Babare will have been delayed by a few months in pursuing his claim. If the case were to proceed and the Supreme Court were to adopt the narrower definition of ATDS, Sigue Corporation will have been required to participate in unnecessary yet costly and burdensome discovery and class certification briefing.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Sigue Corporation's motion to stay (Dkt. No. 19). The Court STAYS this case pending the Supreme Court's opinion in *Facebook, Inc. v. Duguid*, No. 19-511, and ORDERS the parties to file a joint status report that proposes a new case schedule within 14 days of the date the Supreme Court issues its opinion in *Duguid*.

DATED this 30th day of September 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE