THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BABARE,<br><br>                    Plaintiff,<br><br>        v.<br><br>SIGUE CORPORATION,<br><br>                    Defendant. | CASE NO. C20-0894-JCC<br><br>MINUTE ORDER |
| DANIEL BABARE,<br><br>                    Plaintiff,<br><br>        v.<br><br>SIGUE CORPORATION,<br><br>                    Defendant. | CASE NO. C21-0114-JCC |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' stipulated motion to consolidate (Dkt. No. 33). Having thoroughly considered the motion and finding that the two actions involve common questions of fact, the Court GRANTS the motion to consolidate and ORDERS as follows:

MINUTE ORDER
C20-0894-JCC
PAGE - 1

1. *Babare v. Sigue Corporation*, Case No. C20-0894-JCC and *Babare v. Sigue Corporation*, Case No. C21-0114-JCC, are consolidated. The parties shall file all future documents related to either case in Case No. C20-0894-JCC. The Court DIRECTS the clerk to administratively close Case No. C21-0114-JCC.

2. All future filings shall include the words "This Document Relates To:" in the caption, followed by either C20-0894-JCC, C21-0114-JCC, or Both Cases.

3. In accordance with the parties' stipulation, Case No. C21-0114-JCC shall be stayed until the stay is lifted in C20-0894-JCC. The parties shall file a joint status report proposing a new case schedule within 14 days of the date the Supreme Court issues its opinion in *Facebook, Inc. v. Duguid*, No. 19-511.

4. The parties are ORDERED to provide supplemental briefing within 14 days of the date of this order regarding their request that the Court allow Mr. Babare to file a single complaint containing both claims. There is considerable debate among the Courts of Appeals about whether cases that are consolidated may be merged into a single case or whether each case must continue to retain its separate identity. *See Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002). Because the parties request to file a single complaint, it appears that the parties request that the Court merge the two cases into one.[1] However, the parties' stipulation does not state that expressly, and does not make clear whether the parties seek to proceed under a single case number or under both case numbers. Accordingly, the Court GRANTS the parties' motion to consolidate but does not yet merge the cases. The Court requests supplemental briefing on whether merger—as opposed to just consolidation—is appropriate and, if so, whether the parties should proceed under a single case number or under both.

---

[1] Since the parties and the underlying facts appear to be identical and the parties stipulate that both actions may be stayed until *Duguid* is decided, it is not clear why Mr. Babare chose to file a separate case and pursue consolidation, with all of its complications, rather than seeking leave to amend the complaint in C20-0894-JCC to add the state law cause of action.

1      DATED this 8th day of March 2021.

2                           William M. McCool

3                           Clerk of Court

4                           s/Paula McNabb

5                           Deputy Clerk